UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVELLE SANDERS,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC ARNOLD,<br><br>    Respondent. | No. 2: 14-cv-2847 KJN P<br><br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner has also consented to the jurisdiction of the undersigned.  (ECF No. 3.)  For the following reasons, the petition is dismissed with leave to amend.  See Rule 4, Federal Rules Governing Section 2254 Cases (if it appears from petition that petitioner is not entitled to relief, the court may dismiss the petition.)

Petitioner's Claims

In this action, petitioner seeks the expungement of his prison disciplinary record.  The background to this request follows herein.

Petitioner alleges that on June 9, 2011, he had his initial parole suitability hearing.  (ECF No. 1 at 1.)  Petitioner alleges that he was found unsuitable for parole largely based on a prison disciplinary conviction for cell phone possession and his cumulative disciplinary record.  (Id.)

1

Petitioner was denied parole for five years. (Id.) Petitioner alleges that after his June 2011 parole suitability hearing, he received two more prison disciplinary convictions for cell phone possession. (Id. at 1-2.)

Petitioner requests expungement of his entire prison disciplinary record, which includes 9 counseling chronos and five rules violation convictions, including his three convictions for cell phone possession. (Id. at 2-3.) Petitioner alleges that expungement of his prison disciplinary record would make it more likely that he would be found suitable for parole and result in him receiving an accelerated suitability hearing. (Id.)

Attached as an exhibit to petitioner's petition is a copy of the transcript of the June 9, 2011 decision by the Board of Parole Hearings ("BPH") finding petitioner unsuitable for parole. The BPH found petitioner unsuitable on the following grounds.

The BPH found that petitioner would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. (Id. at 13.) In support of this finding, the BPH cited petitioner's "institutional misconduct," i.e, prison disciplinary record, and commitment offense. (Id. at 13-14.) The BPH stated that it gave greater weight to petitioner's institutional misconduct based on the passage of time from the commitment offense. (Id. at 14.)

Regarding the commitment offense, the BPH found that it was carried out in a dispassionate and calculated manner and in a manner demonstrating an exceptionally callous disregard for human suffering. (Id.) The BPH also noted petitioner's attitude toward the crime, which reflected some minimization. (Id. at 16.) The BPH was concerned that petitioner did not "use the words of responsibility but you're qualifying comments tend to mitigate your overall actions." (Id. at 16-17.) Regarding petitioner's insight into the offense, the BPH found that petitioner had not yet come to terms with the totality of the events. (Id. at 17.) The BPH noted that the psychological report was not totally supportive of release. (Id.) The BPH also expressed concern with the level of petitioner's remorse. (Id. at 19.)

The BPH then discussed petitioner's prison disciplinary record, noting his three (at that time) prison disciplinary convictions, including his conviction for cell phone possession, and nine counseling chronos. (Id. at 18-19.)

Discussion

Petitioner does not allege the grounds on which he is attacking his prison disciplinary convictions and counseling chronos. In other words, petitioner does not set forth any alleged constitutional violations in connection with his disciplinary convictions and counseling chronos. The court is not authorized to simply order the expungement of disciplinary convictions and counseling chronos without any finding of a constitutional violation.

Moreover, to the extent petitioner challenges multiple prison disciplinary convictions, his claims should be raised in separate habeas petitions. See Rule 2 (e), Federal Rules Governing Section 2254 Cases (a petitioner seeking relief from more than one judgment must file separate petitions covering each judgment).[1]

Accordingly, the petition is dismissed with leave to file an amended petition. In the amended petition, petitioner may challenge one prison disciplinary conviction. The amended petition must allege the grounds on which petitioner challenges the at-issue disciplinary conviction.

Accordingly, IT IS HEREBY ORDERED:

1. The petition is dismissed with thirty days to file an amended petition in accordance with this order;

2. The Clerk of the Court is directed to send petitioner the form for a habeas corpus petition pursuant to 28 U.S.C. § 2254.

Dated: February 4, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

San2847.ord

---

[1] In Docken v. Chase, 393 F.3d 1024, 1-28-29 (9th Cir. 2004), the Ninth Circuit acknowledged, based on its own precedent, that habeas jurisdiction was available if a petitioner sought expungement of a disciplinary finding from his record if expungement was likely to accelerate the prisoner's eligibility for parole. The undersigned would request a response from respondent before determining whether habeas corpus jurisdiction exists in this action.